59923

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JASON BUCKLEY,<br>　　　　　Plaintiff<br><br>CATHRYN L. ILANI and<br>EINSTEIN ACADEMY,<br>　　　　　Defendants.<br><br>In Relation to:<br>CATHRYN ILLANI,<br><br>　　　　　Debtor | ) Adversary Case No.<br>)<br>)<br>)<br>)<br>)<br>) Bankruptcy Case No. 22-13372<br>)<br>) Honorable David D. Cleary<br>)<br>) Chapter 13<br>)<br>) Cook County |

TO:　See attached Service List

## CERTIFICATE OF SERVICE

　　I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service mailbox at 1800 Larkin Ave., Elgin, IL 60123 on February 13, 2023, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

/s/ Michael C. Doyen　　　　　　　　02/13/2023
Michael C. Doyen, Esq.　　　　　　　Date
The Doyen Law Group, LLC
1800 Larkin Ave.
Elgin, IL 60123
Phone: 847.720.5815

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 1 of 1
2010-L-1578

## SERVICE LIST

**Via Electronic Notification**
Marilyn O. Marshall
Chapter 13 Trustee
224 S. Michigan, Suite 800
Chicago, IL 60604

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

**Via Electronic Notification**
David Freydin, Esq.
Law Offices of David Freydin
8707 Skokie Blvd., Suite 312
Skokie, IL 60077

U.S. Bankruptcy Court
Eastern Division
219 S. Dearborn, 7th Floor
Chicago, IL 60604-1702

Cook County Treasurer
118 N. Clark St., Suite 112
Chicago, IL 60602-1590

Amercred
400 W. Lake St.
Roselle, IL 60172-3574

Medical Business Bureau, LLC
1460 Renaissance Dr., Suite 400
Park Ridge, IL 60068-1349

Nationwide Credit and Collection, Inc.
Attn: Bob Beck
815 Commerce Dr., Suite 270
Oak Brook, IL 60523-8852

Wakefield & Associates
P.O. Box 51272
Knoxville, TN 37950-1272

Cathryn L. Ilani
30W777 Shoe Factory Rd.
Elgin, IL 60120-9245

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 1 of 1
2010-L-1578

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Jason Buckley | **DEFENDANTS**<br>Cathryn Illani and Einstein Academy |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Doyen Law Group, LLC<br>Michael C. Doyen<br>1800 Larkin Ave., Elgin, IL 60123<br>847-720-5815 | **ATTORNEYS** (If Known)<br>David Freydin<br>8707 Skokie Blvd., Suite 305, Skokie, IL 60077<br>847-972-6157 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Non-dischargeabiliy of debt pursuant to 11 U.S.C. §523 (a)(6) based on previously entered money judgment in state court for Intentional Infliction of Emotional Distress. Complaint to Determine Fraudulent Transfer by Forgiveness of Debt that rendered Debtor Insolvent.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[1] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 350,000 |

Other Relief Sought

Declaration of Non-Dischargeabilty; Determination of Fraudulent Transfer

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Cathryn Illani | BANKRUPTCY CASE NO.<br>22-13372 |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Chicago | NAME OF JUDGE<br>Judge David C. Cleary |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

DATE
February 13, 2023

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
Michael C. Doyen

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON BUCKLEY,   Plaintiff | ) ) ) | Adversary Case No. |
| CATHRYN L. ILANI and EINSTEIN ACADEMY,   Defendants. | ) ) ) ) ) ) | |
| In Relation to: CATHRYN ILLANI,   Debtor | ) ) ) ) ) ) | Case No. 22-13372  Chapter 13 Honorable David D. Cleary |

### ADVERSARY COMPLAINT

NOW COMES JACKSON BUCKLEY, by and through his attorneys, THE DOYEN LAW GROUP, LLC., and for his Adversary Complaint, states as follows:

### Count I

### Non-Dischargeability of Debt

1. That JACKSON BUCKLEY is a named Creditor of the Debtor.

2. That a judgment was entered in favor of JACKSON BUCKLEY and against the Debtor, CATHRYN ILANI, on June 14, 2016, in the amount of $252,500.00 in the Circuit Court of Cook County, Illinois, case number 2010 L 1578.

3. That the money judgment in favor of JACKSON BUCKLEY against CATHRYN ALANI resulted from a jury's verdict after trial on his Complaint at Law for Intentional Infliction of Emotional Distress.

4. That to establish a claim for intentional infliction of emotional distress in Illinois the Plaintiff must prove three elements; namely that the conduct involved was truly extreme and outrageous; that the Defendant either intended that her conduct inflict severe emotional distress or

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 1 of 4
2010-L-1578

knew that there was at least a high probability that her conduct would cause severe emotional distress; and that the conduct in fact caused severe emotional distress.

5. That the jury, before rendering its verdict, was instructed that if from their consideration of all the evidence any of the elements has not been proved, then the verdict shall be for the Defendant.

6. That the verdict reached by the jury, and the money judgment based on that verdict, are conclusive as to whether or not JACKSON BUCKLEY'S judgment against CATHRYN ILANI is dischargeable under Section 523(a)(6) of the United States Code Bankruptcy Code (11 U.S.C. Section 523(a)(6)).

WHEREFORE, JACKSON BUCKLEY, prays this Honorable Court will enter orders as follows:

a. Determining the money judgment entered in favor of JACKSON BUCKLEY and against CATHRYN ILANI in Cook County case number 2010 L 1578 in the amount of $252,500.00 is non-dischargeable in CATHRYN ILANI'S bankruptcy case pursuant to the provisions of Section 523(a)(6) of the United States Bankruptcy Code; and

b. For such other, further, and different relief as this Court deems just.

### Count II

### FRAUDULENT TRANSFER

1.-3. That Plaintiff realleges paragraphs 1 through 3 of Count I as paragraphs 1 through 3 of Count II as if set forth herein verbatim.

4. That on December 3, 2019, Plaintiff filed a six-count complaint against Cathryn Illani, Einstein Academy, and other defendants in the Circuit Court of Kane County, Illinois, case number 19 L 602, which Complaint was amended from time to time with the Second

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 2 of 4
2010-L-1578

Amended Complaint for Fraudulent Transfer being filed November 6, 2020; and which said Second Amended Complaint remains pending and undetermined. (See copy of Second Amended Complaint attached hereto as Exhibit A.)

5. That proceedings in the Kane County action are currently stayed pursuant to the automatic stay.

6. That Einstein Academy is an Illinois not-for-profit corporation with its principal location at 747 Davis Road, Kane County, Illinois.

7.-72. That Plaintiff adopts and realleges paragraphs 3 through 68 of his Second Amended Complaint in the Kane County action as paragraphs 7 through 72 of Count II of this adversary complaint as if set forth herein verbatim.

Wherefore, Jackson Buckley, prays this honorable Court will enter orders as follows:

a. Determining that Cathryn Illani's forgiveness of debt owed to her by Einstein Academy was a Fraudulent Transfer;

b. In the alternative, lifting the automatic stay to permit Plaintiff to prosecute this action in state court; and

c. For such other, further, and different relief as this Court deems just.

Respectfully submitted,

JACKSON BUCKLEY, Plaintiff,

BY: _____
His Attorneys

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 3 of 4
2010-L-1578

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he/she verily believes the same to be true.

Dated: _February 13, 2023_            by _/s/ Michael C. _____
                                         JACKSON BUCKLEY, Plaintiff

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyen_awgroup.com

Page 4 of 4
2010-L-1578

Kane County Circuit Court   THOMAS M. HARTWELL   ACCEPTED: 11/6/2020 2:25 PM   By: KG   Env #11054565

6304722

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
# KANE COUNTY, ILLINOIS

JACKSON BUCKLEY )
    Plaintiff, )
  )
v. )
  ) Case No. 19 L 602
CATHRYN ILANI AND EINSTEIN )
ACADEMY CORPORATION, )
  )
    Defendants. )

*Thomas M. Hartwell*
Clerk of the Circuit Court
Kane County, Illinois

11/6/2020 1:44 PM

FILED/IMAGED

## AMENDED COMPLAINT AT LAW - FRAUDULENT TRANSFER

NOW COMES the Plaintiff, JACKSON BUCKLEY, by and through his attorneys, THE DOYEN LAW GROUP, LLC., complaining of the Defendants, CATHRYN ILANI and EINSTEIN ACADEMY CORPORATION as follows:

1. At all times relevant, Plaintiff was a resident of Kane County, Illinois.

2. Defendant Einstein Academy Corporation is an Illinois not-for-profit corporation with its principal location at 747 Davis Road, Kane County, Illinois.

3. Defendant Cathryn Ilani (hereinafter sometimes referred to as "Cathryn") is President of Einstein Academy Corporation.

4. Defendant is the sole incorporator and founder of Einstein Academy Corporation.

5. Defendant is the sole person responsible for working with Einstein Academy's accountants in order to prepare their annual state and federal tax returns.

6. Plaintiff filed a complaint for Intentional Infliction of Emotional Distress against Cathryn on February 4, 2010 in the Circuit Court of Cook County, case number 2010 L 1578, seeking damages in excess of $50,000.00.

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 1 of 12

Exhibit A

7. Jury trial commenced on June 6, 2016 and continued through June 14, 2016.

8. On June 14, 2016 the jury returned a verdict in favor of Plaintiff and against Cathryn.

9. The jury awarded Plaintiff $252,500.00 in damages and Judge Eve Reilly entered judgment confirming the verdict against Cathryn on June 14, 2016.

10. Einstein Academy's 2008 tax return reflects the following loans from "interested persons" on part II of Schedule L:

   a. A $600,000.00 loan from Cathryn Ilani for "purchase of a building to start the school";

   b. A $650,000.00 loan from Carol LeRoy for "purchase of a building to start the school";

   c. A $1,100,000.00 loan from Robert LeRoy Enterprises to "build an addition to the school"; and

   d. A $20,000.00 loan from the LeRoy Family Limited Partnership for "working capital."

11. That Einstein Academy's 2008 tax return reflects that the only loan which had been partially repaid was the loan from Robert LeRoy Enterprises which then had a remaining balance of $1,059,133.00.

12. That the total balance of all loans from interested persons listed in Einstein Academy's 2008 tax return was $2,329,133.00 as of June 30, 2009.

13. That Einstein Academy listed the loans for the purpose of purchasing and adding onto buildings (listed in paragraph 9(a) through 9(c) above) as "secured mortgages and notes payable to unrelated third parties" on line 23 of part X (Balance Sheet) of its 2008 tax return despite the fact that these loans were from interested parties.

14. That the remaining loans were listed as "payables to current and former officers, directors, trustees, key employees, highest compensated employees, and disqualified persons" on line 22 of part X (Balance Sheet) of its 2008 tax return.

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 2 of 12

Exhibit A

15. That Einstein Academy's 2009 tax return indicates that the balance of all loans from interested persons, listed on line 22 and line 23 of part X (Balance Sheet), remained at $2,329,133.00 as of June 30, 2010.

16. That Einstein Academy's 2010 tax return includes the following additional loans:

   a. A $7,937.00 loan from Cathryn Ilani for "working capital";

   b. A $32,000.00 loan from Ezra Ilani (Defendant's husband) for "working capital";

   c. A $20,000.00 loan from Ezra Electric for "working capital"; and

   d. A $35,000.00 loan from the LeRoy Family Limited Partnership for "working capital."

17. That these additional loans brought the balance due on loans from interested persons, listed on lines 22 and 23 of part X (Balance Sheet), to a total of $2,423,992.00.

18. That Einstein Academy's 2011 tax return no longer reflected the $600,000.00 loan from Cathryn Ilani, the $650,000.00 loan from Carol LeRoy, nor the $1,100,000.00 loan from Robert LeRoy Enterprises on Schedule L, however these loans appear to still be reflected on lines 22 and 23 of part X (Balance Sheet).

19. That the specific loans referenced in paragraph 8 above do not appear on Schedule L of Einstein Academy's tax returns after the 2010 return filed for the fiscal year ending June 30, 2011, but the balance of the loans continue to be included on lines 22 and 23 of Part X (Balance Sheet).

20. That Einstein Academy's 2011 tax return indicates on Part II of Schedule L that the balance of the loan from Ezra Electric was reduced by $15,000.00 and the entire $35,000.00 loan from the LeRoy Family Limited Partnership was repaid.

21. That according to line 22 and 23 of Part X (Balance Sheet) of Einstein Academy's 2011 tax return the balance of all loan payments due to interested persons was $2,374,070.00 as of June 30, 2012.

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 3 of 12

Exhibit A

22. That the only loan payment reflected on Part II of Schedule L in Einstein Academy's 2012 tax return is payment of $78 toward the $7,937 loan from Cathryn Ilani for "working capital."

23. That according to Lines 22 and 23 of Part X (Balance Sheet) of Einstein Academy's 2012 tax return the total balance of all loan payments due to interested persons was $2,373,992.00 as of June 30, 2013.

24. That Einstein Academy's 2013 tax return (for fiscal year ending June 30, 2014) was not filed until February 16, 2015.

25. That Part XIII of Einstein Academy's 2013 tax return reflects $1,754,055.00 in debts forgiven as of June 30, 2014.

26. That this debt forgiveness is listed as miscellaneous revenue on Part XIII, is not itemized, and is not reflected on Schedule L of Einstein Academy's 2013 tax return.

27. That a minimum of $600,000.00 of the forgiven debt was an asset of Defendant Cathryn Ilani.

28. That the balance of all loans from interested persons, listed on line 22 and line 23 of part X (Balance Sheet), was reduced from $2,373,991.00 to $629,937.00 as a result of said debt forgiveness.

29. That a citation to discover assets was issued to Defendant Cathryn Ilani on March 8, 2017 and Citation Proceedings continued through to November 29, 2018 before Judge Patrick J. Heneghan at the Cook County Richard J. Daley Center.

30. That Defendant did not disclose any of the debt owed to her by Einstein Academy, nor did she present any documents evidencing any loans, or debt forgiveness of any such loans, in the course of the Citation Proceedings.

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 4 of 12

Exhibit A

31. That Defendant did not disclose any loans or transfers of money between herself and Einstein Academy, thus, Plaintiff had no notice that Einstein Academy's tax documents would have any relevance to Defendant's claim of insolvency.

32. That Plaintiff did not submit discovery requests to Einstein Academy as Einstein Academy was not a party to the case, is not a judgment debtor, and Plaintiff relied on Defendant's representations in the course of the citation proceedings that there were no debts owed to her.

33. That if the debt had not been forgiven, Defendant Cathryn Ilani would not have been able to claim insolvency in the citation proceedings.

34. That the facts alleged in paragraphs 10-33 above were only discovered by Plaintiff's counsel after a random "Google" search of Einstein Academy months after the conclusion of citation proceedings on November 29, 2018.

35. That this late discovery was occasioned by Defendant's false representations made during the citation proceedings.

36. That Einstein Academy did not file its tax return for 2014 (fiscal year ending June 30, 2015) until December 19, 2017; after the citation proceedings had commenced, and after Defendant had already been examined under oath and the Court had concluded its evidentiary hearing.

37. That Einstein Academy's 2014 tax return lists the following loans to interested persons in part II of Schedule L:

   a. A loan from the LeRoy Family Partnership with a beginning balance of $20,000.00 and an ending balance of $0.00;

   b. A loan from Cathryn Ilani with a beginning balance of $7,937.00 and an ending balance of $0.00;

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 5 of 12

Exhibit A

  c. A loan from Ezra and Cathryn Ilani with a beginning balance of $32,000.00 and an ending balance of $607,937.00;

  d. A loan from Ezra Electric with a beginning balance of $5,000.00 and an ending balance of $27,900.00;

  e. A loan from Robert LeRoy Enterprises with a beginning balance of $0.00 and an ending balance of $500,971.00; and

  f. A loan from Robert LeRoy Enterprises with a beginning balance of $0.00 and an ending balance of $1,754,035.00.

38. That Einstein Academy's 2014 tax return lists a total loan balance due to interested parties, listed only on line 22 of part X (Balance Sheet) as $2,890,843.00 as of June 30, 2015.

39. That Einstein Academy did not file its tax return for 2015 (fiscal year ending June 30, 2016) until December 19, 2017; again, after the citation proceedings had commenced, and after the Court had concluded its evidentiary hearing.

40. That Einstein Academy's 2015 tax return lists the following loans from interested persons in part II of Schedule L:

  a. A loan from Ezra and Cathryn Ilani with a beginning balance of $500,000.00 and an ending balance of $669,909.00;

  b. A loan from Ezra Electric with a beginning balance of $5,000.00 and an ending balance of $37,900.00;

  c. A loan from Robert LeRoy Enterprises with a beginning balance of $500,971.00 and an ending balance of $483,000.00; and

  d. A loan from Robert LeRoy Enterprises with a beginning balance of $1,754,035.00 and an ending balance of $1,754,035.00.

Doyen Law Group
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 6 of 12

Exhibit A

41. That Part II of Schedule L and line 22 of Part X (Balance Sheet) of Einstein Academy's 2015 tax return lists total loans due in the amount of $2,944,844.00 as of June 30, 2016.

42. That Einstein Academy did not file its tax return for 2016 (fiscal year ending June 30, 2017) until February 28, 2018; nine (9) days prior to one of Judge Heneghan's rulings in the citation proceedings.

43. That Einstein Academy's 2016 tax return lists the following loans from interested persons in part II of Schedule L:

   a. A loan from Ezra and Cathryn Ilani with a beginning balance of $500,000.00 and an ending balance of $694,909.00;

   b. A loan from Ezra Electric with a beginning balance of $5,000.00 and an ending balance of $37,900.00;

   c. A loan from Robert LeRoy Enterprises with a beginning balance of $500,971.00 and an ending balance of $483,000.00; and

   d. A loan from Robert LeRoy Enterprises with a beginning balance of $1,754,035.00 and an ending balance of $1,754,035.00.

44. That Part II of Schedule L and Line 23 of Part X (Balance Sheet) of Einstein Academy's 2016 tax return lists total loans due in the amount of $2,969,844.00.

45. That Einstein Academy filed its tax returns for 2017 (fiscal year ending June 30, 2018) on November 19, 2018.

46. That Einstein Academy's 2017 tax return lists the following loans from interested persons in part II of Schedule L:

   a. A loan from Ezra and Cathryn Ilani with a beginning balance of $500,000.00 and an ending balance of $694,909.00;

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 7 of 12

Exhibit A

  b. A loan from Ezra Electric with a beginning balance of $5,000.00 and an ending balance of $37,900.00;

  c. A loan from Robert LeRoy Enterprises with a beginning balance of $500,971.00 and an ending balance of $483,000.00; and

  d. A loan from Robert LeRoy Enterprises with a beginning balance of $1,754,035.00 and an ending balance of $1,754,035.00.

47. That part II of Schedule L and Line 23 of Part X (Balance Sheet) of Einstein Academy's 2017 tax filings list total loans due in the amount of $2,969,844.00.

48. That Einstein Academy filed its 2018 tax return (fiscal year ending June 30, 2019) on September 3, 2019.

49. That Einstein Academy's 2018 tax return lists the following loans from interested persons in part II of Schedule L:

  a. A loan from Ezra and Cathryn Ilani with a beginning balance of $500,000.00 and an ending balance of $694,909.00;

  b. A loan from Ezra Electric with a beginning balance of $5,000.00 and an ending balance of $49,900.00;

  c. A loan from Robert LeRoy Enterprises with a beginning balance of $500,971.00 and an ending balance of $483,000.00; and

  d. A loan from Robert LeRoy Enterprises with a beginning balance of $1,754,035.00 and an ending balance of $1,754,035.00.

50. That part II of Schedule L and Line 23 of Part X (Balance Sheet) of Einstein Academy's 2018 tax return lists total loans due in the amount of $2,981,844.00.

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 8 of 12

Exhibit A

51. That the facts alleged in paragraphs 31-51 of this Amended Complaint were discovered by Plaintiff's counsel on or about June 1, 2020 after performing another "Google" search for Einstein Academy's tax documents.

52. That Defendant's forgiveness of a minimum of $600,000.00 in debt owed to her by Einstein Academy during the fiscal year ending June 30, 2014 and reflected in Part XIII of Einstein Academy's 2013 tax return filed February 16, 2015 constitutes a Fraudulent Transfer pursuant to 740 ILCS 160/5(a)(1) as the forgiveness was made with the intention to defraud creditors, including Plaintiff, due to the underlying lawsuit and subsequent judgment.

53. That the original loan in the amount of was made to Einstein Academy from Defendant in 2008; two years prior to Plaintiff filing his Complaint alleging intentional infliction of emotional distress.

54. That Defendant received no consideration for her forgiveness of the $600,000.00 in debts owed to her by Einstein Academy reflected in the tax return for fiscal year ending June 30, 2014.

55. That at the time Defendant forgave the $600,000.00 in loans, Defendant knew that there was a pending lawsuit alleging intentional infliction of emotional distress against Defendant claiming damages in excess of $50,000.00.

56. That on December 13, 2013, shortly before Defendant forgiving the $600,000.00 loan to Einstein Academy, the personal injury case had been transferred for setting of jury trial.

57. That by appearing to forgive the loan to Einstein Academy, Defendant was able to make herself appear insolvent on paper, but the forgiveness was illusory because as alleged below, the indebtedness subsequently was reflected again in the tax filings of Einstein Academy.

58. That Defendant concealed this transfer of funds and committed perjury when she failed to disclose this loan forgiveness in the citation proceedings.

DOYEN LAW GROUP
1800 La-kin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 9 of 12

Exhibit A

59. That Defendant's subsequent loan made during the fiscal year ending June 30, 2016 in the amount of $500,000.00 (with a current balance due of $694,909.00) to Einstein Academy constitutes a Fraudulent Transfer pursuant to 740 ILCS 160/5(a)(1) as the loan was made with the intention to defraud creditors, including Plaintiff, due to the underlying lawsuit and subsequent judgment.

60. That Defendant concealed this loan by failing to file the tax return reflecting said loan until February 28, 2018 when the hearing on the citation proceedings had concluded.

61. That as President of Einstein Academy, Defendant has complete discretion in Einstein Academy's financial dealings.

62. If the information provided on Einstein Academy's tax returns is true and accurate, it would mean that $500,000.00 was transferred from Defendant to Einstein Academy immediately following the citation proceedings.

63. That in actuality, the transactions between Defendant and Einstein Academy are illusory because she has simply purported to transfer personal assets to Einstein Academy immediately prior to trial setting and throughout citation proceedings, and purportedly transferred assets back to herself from Einstein Academy once the hearing on the citation proceedings concluded.

64. That whether these assets belong to Defendant on paper, or to Einstein Academy, Defendant has retained complete control over the assets.

65. That Defendant deliberately concealed this information from Plaintiff in order to hinder Plaintiff's ability to college the judgment owed to him.

66. That upon information and belief, there is no documentation relating to either Defendant's forgiveness of the $600,000.00 loan made to Einstein Academy nor is there any documentation of a subsequent $500,000.00 loan from Defendant to Einstein Academy.

Doyen Law Group
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 10 of 12

Exhibit A

67. That based on Defendant's fraudulent asset transfers, Plaintiff has in fact been unable to collect on the judgment despite over four years of effort to do so.

68. That as a practical matter, the only reasonable explanation for the series of transactions between Defendant personally and Einstein Academy, a non-profit which she controls, is to hide the existence of the indebtedness from her creditors.

WHEREFORE, the Plaintiff, JACKSON BUCKLEY, prays for judgment against EINSTEIN ACADEMY for the amount of the June 14, 2016 judgment and interest and for such other, further, or different relief this Court deems just.

Respectfully submitted,

JACKSON BUCKLEY, Plaintiff

By: _____
His attorney

**VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he/she verily believes the same to be true.

Dated: November 6, 2020

_____
JACKSON BUCKLEY, Plaintiff
By his attorney

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 11 of 12

Exhibit A

SUPREME COURT RULE 137
SIGNATURE TO PLEADING, MOTION, OR OTHER
PAPER BY ONE OF THE ATTORNEYS OF RECORD

THE DOYEN LAW GROUP, LLC

By: _____
Attorney for Plaintiff
1800 Larkin Ave.
Elgin, IL 60123

DOYEN LAW GROUP
1800 Larkin Avenue
Elgin, Illinois 60123
Telephone: (847) 720-5815
Facsimile: (847) 728-5125
info@doyenlawgroup.com

Page 12 of 12

Exhibit A